THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States

FILED

Nov 09 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>    v. <br><br> BAHMAN GHASSEMZADEH, <br><br>    Defendant. | CASE NO.   CR23-00418VC <br><br> VIOLATIONS: <br> 18 U.S.C. § 1349– Conspiracy to Commit Honest Services Wire Fraud; <br> 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture <br><br> SAN FRANCISCO VENUE |

I N F O R M A T I O N

The United States Attorney charges:

Introductory Allegations

At times relevant to this Information:

1. Defendant BAHMAN GHASSEMZADEH is a civil engineer who, beginning in 2012, was employed at a San Francisco-based construction and building planning and design firm that drafted construction plans, advised on construction projects, and helped clients obtain approvals and permits for construction projects.

2. Co-conspirator SIAVASH TAHBAZOF founded and ran the planning and design firm. TAHBAZOF also owned and managed a separate construction company that oversaw construction of

INFORMATION

residential and commercial buildings in the San Francisco bay area.

3. Co-conspirator REZA KHOSHNEVISAN worked with TAHBAZOF, beginning in the late 1990s. In or around 2003, KHOSHNEVISAN entered into a partnership with TAHBAZOF where each owned 50 percent of the planning and design firm.

4. Co-conspirator RODOLFO PADA was a building plans engineer in the Plan Review Services department of the San Francisco Department of Building Inspection ("DBI"), employed at DBI from 1984 until on or about September 2017. PADA's responsibilities included reviewing and approving building and construction plans submitted to DBI for approval

5. Co-conspirator CYRIL YU was a building plans engineer in the Plan Review Services department of DBI, employed there from on or about January 2014 until on or about February 2021. YU's responsibilities included reviewing and approving building plans submitted to DBI for approval.

6. Co-Conspirator BERNARD CURRAN was a building inspector at DBI. He began at DBI in 2005, and in 2009, was promoted to Senior Building Inspector. CURRAN was employed at DBI until 2020. His duties included conducting physical inspections of buildings and construction sites in San Francisco and issuing approvals if the work had been properly completed.

7. DBI is a regulatory city agency in San Francisco responsible for overseeing enforcement of building, electrical, plumbing, and housing codes for the City of San Francisco's more than 200,000 commercial and residential buildings. Contractors and builders submit construction plans to DBI for approval and permitting. The plans are required to be inspected by a permit issuer before being approved to check and insure that the proposed construction meets city codes and regulations.

8. TAHBAZOF, KHOSHNEVISAN and GHASSEMZADEH regularly submitted building plans to DBI for building permits and inspection approvals.

The Honest Services Fraud Scheme

9. Beginning on a date unknown, but no later than January 2014, and continuing until on or about February 2021 in the Northern District of California and elsewhere, defendant GHASSEMZEDAH, knowingly and with the intent to defraud, participated in, devised, and intended to devise a scheme and artifice to defraud the public of its right to the honest services of PADA, YU,

INFORMATION                                        2

CURRAN, and others, through the payment of bribes and kickbacks.

10. The objectives of the scheme to defraud were, among other objectives, to expedite approval of building permits and inspections for TAHBAZOF, KHOSHNEVISAN, GHASSEMZADEH, their companies, and their clients, in exchange for personal financial benefits to PADA, YU, CURRAN, and others, including, but not limited to, cash payments, free meals and drinks, and other benefits.

## Means and Methods

11. In furtherance of the scheme, and to affect the objects thereof, in the Northern District of California and elsewhere, GHASSEMZADEH, TAHBAZOF, KHOSHNEVISAN, PADA, YU, CURRAN, and others known and unknown to the grand jury, used the following manner and means in an effort to defraud the citizens of the City and County of San Francisco of their right to the honest services of PADA, YU, and CURRAN, and the San Francisco DBI:

   a. Beginning no later than January 2014, and continuing through at least September 2017, GHASSEMZADEH joined a conspiracy with TAHBAZOF and KNOSHNEVISAN to pay bribes to PADA. GHASSEMZADEH would regularly take PADA to lunch and for drinks. GHASSEMZADEH also paid cash bribes to PADA of between $1,200 and $1,700 each time, all in return for PADA expediting and approving permits for building projects for GHASSEMZADEH's company and its clients. TAHBAZOF often reimbursed GHASSEMZADEH for the bribe payments.

   b. Starting no later than 2014, defendant GHASSEMZADEH provided financial payments to CURRAN, through TAHBAZOF, in connection with, and as a reward for the inspections that CURRAN conducted for GHASSEMZADEH and TAHBAZOF's companies or clients. GHASSEMZADEH and TAHBAZOF paid CURRAN approximately $1,500 for each inspection CURRAN conducted.

   c. Beginning no later than December 2017 and continuing through at least February 2021, GHASSEMZADEH offered and paid bribes to YU in the form of cash, free meals,

INFORMATION                                           3

drinks, and other benefits in return for YU issuing permits for plans submitted to DBI by TAHBAZOF, KHOSHNEVISAN, and GHASSEMZADEH.

12. The defendant and other members of the conspiracy concealed the scheme and conspiracy from the City of San Francisco and DBI by concealing and not disclosing the cash payments, meals, gifts, and other benefits. Had the scheme been known by DBI, it had a natural tendency to influence, and was capable of influencing, the actions of DBI. Specifically, If DBI had known about the bribe payments made by TAHBAZOF, KHOSHNEVISAN, and GHASSEMZADEH, all individuals with business before DBI, to PADA, YU, and CURRAN, they would not have allowed PADA, YU, or CURRAN to issue permits or inspection approvals for TAHBAZOF, KHOSHNEVISAN, or GHASSEMZADEH's building plans and projects.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Wire Fraud)

13. Beginning at an unknown date, but as early as in or about January 2014 and continuing through in or about February 2021, in the Northern District of California and elsewhere, the defendant,

BAHMAN GHASSEMZADEH

did knowingly and intentionally conspire with TAHBAZOF, KHOSHNEVISAN, PADA, YU, CURRAN, and others, known and unknown to the United States Attorney, to commit honest services wire fraud; that is, having devised and intending to devise a material scheme and artifice to defraud the City and County of San Francisco (the "City'), and the citizens of San Francisco of their right to the honest and faithful services of the Department of Building Inspections (DBI) through bribery, kickbacks, and the concealment of material information, to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346. All in violation of Title 18, United States Code, Section 1349.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

14. The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15. Upon conviction for the offense set forth in this Information, the defendant, BAHMAN GHASSEMZADEH shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: November 9, 2023\_\_\_\_

THOMAS A. COLTHURST
Attorney for the United States

  /s/ David J. Ward
DAVID J. WARD
Assistant United States Attorney

INFORMATION                    5